1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARTHUR H. MARTIN, and
     PATRICIA A. MARTIN,

11
              Petitioners,                    No. MISC. S-06-0040 DFL GGH PS

12
        vs.

13
     UNITED STATES OF AMERICA,                        ORDER

14
              Respondent.

15   _____/

16          On April 24, 2006, petitioners, who proceed in pro se, moved to quash three third

17   party summonses issued April 4, 2006 by the United States Internal Revenue Service (IRS)

18   pursuant to 26 U.S.C. § 7609.  Respondent United States opposed the motion and sought

19   summary enforcement of the summonses.  On September 7, 2006, petitioners withdrew their

20   motion to quash.  The hearing on this matter, scheduled for September 14, 2006, was therefore

21   vacated and the court issues this order on respondent's enforcement motion.

22          The Ninth Circuit has summarized the well-established requirements for

23   enforcement of an IRS summons:

24              To obtain enforcement of a summons, the IRS must first establish
                its 'good faith' by showing that the summons:  (1) is issued for a
25              legitimate purpose; (2) seeks information relevant to that purpose;
                (3) seeks information that is not already within the IRS'
26              possession;  and (4) satisfies all administrative steps required by

                                             1

1     the United States Code.  United States v. Powell, 379 U.S. 48,
      57-58, 85 S.Ct. 248, 254-55 (1964).  The government's burden is
2     "a slight one" and typically is satisfied by the introduction of the
      sworn statement of the revenue agent who issued the summons
3     declaring that the Powell requirements have been met.  United
      States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir.1993); United
4     States v. Gilleran, 992 F.2d 232, 233 (9th Cir.1993).  Once a prima
      facie case is made a 'heavy' burden is placed on the taxpayer to
5     show an 'abuse of process' or 'the lack of institutional good faith.'
      Dynavac, 6 F.3d at 1414.

6

7    Fortney v. United States, 59 F.3d 117, 119 (9th Cir.1995); accord United States v. Abrahams,

8    905 F.2d 1276 (9th Cir. 1990); Ponsford v. United States, 771 F.2d 1305, 1307, 1308 (9th

9    Cir.1985); Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir.1985).

10            Respondent has filed a memorandum in support of enforcement and a declaration

11   of Revenue Agent Kirsten Richardson which includes exhibits of the contested summonses and

12   certificates of service.  The summonses were served upon the First Bank of California, Placer

13   Savings Bank, and U.S. Bank National Association, to obtain information relevant to petitioners'

14   tax liability for years 2000, 2001 and 2002.  Agent Richardson states that the information sought

15   by the summonses – including petitioners' signature cards, bank statements, deposits, credit and

16   debit memos, canceled checks, and wire transactions – is relevant to the IRS' investigation.

17   These documents were not in the possession of the IRS when the summonses were issued and

18   have yet to be obtained by other means.  No Justice Department criminal referral has been made

19   with respect to petitioners, which would otherwise preclude enforcement (26 U.S.C. § 7602(d)).

20            The court finds the instant investigation statutorily authorized the summonses

21   relevant to the investigation.  26 U.S.C. §§ 7602(a), (b), 7609.  The information sought is not in

22   the possession of the IRS.  Service of the summons was made pursuant to the requirements of 26

23   U.S.C. § 7603 and notice was given to petitioners as required by 26 U.S.C. § 7609(b).  The IRS

24   has met its burden of demonstrating the summonses were issued for a legitimate purpose, remain

25   essential to its investigation, and should therefore be enforced.  Even prior to withdrawing their

26   motion to quash, petitioners presented no basis for precluding enforcement of the summonses;

2

1    they do not allege abuse of process or bad faith on the part of the IRS, nor that the summonses

2    were procedurally or administratively deficient.

3            Accordingly, IT IS ORDERED that respondent's motion, filed June 23, 2006, for

4    summary enforcement of the IRS summonses issued April 4, 2006, upon First Bank of

5    California, Placer Savings Bank, and U.S. Bank National Association, is GRANTED.

6    DATED: 9/11/06

                                           /s/ Gregory G. Hollows
7
                                           _____
                                           GREGORY G. HOLLOWS
8                                          U. S. MAGISTRATE JUDGE
     NOW6: Martin0040.IRS
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3